[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This case is before the Court on Plaintiff's claim for personal injuries received as the result of sexual abuse while residing in a foster home within the State of Rhode Island. She brings this action pursuant to the Criminal Injuries Compensation Act, R.I.G.L. 12-25-1 et seq. hereinafter referred to as The Act.
The facts of the case are as follows. Before being placed in the care of the State of Rhode Island, there were allegations that the Plaintiff had been neglected by her parents. These allegations included inadequate shelter, lack of sanitary facilities, no water supply or indoor cooking facilities in working order. These conditions led the Department for Children and Their Families to conclude that an immediate danger existed for the Plaintiff and she was removed from the home.
The Plaintiff was placed in a foster home in the City of Providence and resided there from April, 1989 until July of 1990 when, as a result of a DCYF investigation, all of the foster children placed in this home were removed. The DCYF investigation found that acts of abuse, medical neglect and inappropriate discipline were perpetrated upon the foster children. In October of 1990, the Plaintiff alleged that she had been the victim of sexual abuse perpetrated upon her by the foster mother from whose home she had been removed.
Brian Beltrami, Child Protective Investigator, reported the allegations to the Providence Police Department on October 2, 1990. For reasons that are not clear to any of the parties in this case, the Providence Police Department did not appear to conduct a follow-up investigation and, as a result, no criminal action was taken in this matter.
The Plaintiff was referred to therapists who noted that she exhibited the symptoms of sexual victimization, however, no specific physical evidence of such abuse was discovered in an exam conducted by Dr. Katherine Castree in October, 1990.
The foster mother testified at the hearing. She is the mother of three children and was a foster mother from 1988 during which time she provided care for about ten foster children. Although she claimed that no finding of abuse was ever made against her foster home, this Court has been provided with contrary evidence in the form of letters to the foster mother one of which, dated July 25, 1990, informed her that no further placements would be forthcoming until a meeting could be held with DCYF.
There exists little doubt that Plaintiff is a victim. Plaintiff is clearly a victim of neglect, poor living conditions, a history of substance abuse within her family all documented by DCYF. The question for this Court is to determine if she is in fact a victim under The Act.
After a careful review of the medical records introduced in this case, this Court finds that the Plaintiff is not a victim under The Act. In her examination of the plaintiff, Dr. Katherine Castree found no physical evidence of sexual abuse. While such a medical finding, or lack thereof, is not fatal to the claim, the examining physician adds only that "There is evidence of sexual molestation by the history which (Jane Doe) gives." A psychologist, Allan Berman, concluded that "it appears that the plaintiff was sexually abused and molested." The above quoted statements are the strongest evidence introduced by the Plaintiff to show the medical community's support of sexual abuse in this case. This Court finds the evidence insufficient to show that the Plaintiff is a victim under the Act.
This Court therefore finds that the Plaintiff is precluded from compensation under the Act and accordingly final judgment shall enter for Defendant against Plaintiff.